and we will call the matter of government of the Virgin Islands versus Bluebeards Castle Good morning. Good morning, your honors. May it please the court. Stephan Herbal on behalf of Appellant Bluebeards Castle, Inc. Your honors, our briefs in this case identify three grounds for appellate jurisdiction. Before discussing those grounds and their application to the order being appealed from, I wanted to address what I regard as four important considerations that I believe should guide application of the finality rules and their statutory exceptions on this appeal. First, before you do that, I've got a question for you, Mr. Herbal. What is the, how is it that you're aggrieved by the vacator of the injunction? That's something that your opponents make a little bit of hay out of, that you really don't have any complaint with the fact that the injunction was lifted. In fact, that's good from your perspective. Your beef is with other stuff in the case. How do you respond to that? Well, your honor, I think really my opponent was confusing the issues of whether parties agree for purposes of appeal and whether 1292A1 gives us a right of appeal and gives this court the power to review the case. Anytime you ask for a party or appellant, ask for a reversal without remand, an outright reversal, and gets less than that, in this case a reversal with a remand, a party is aggrieved for purposes of appeal. Whether we're talking about an appeal of a final order or an appeal of an interlocutory order or an order under one of the statutory exceptions. Here what we got was a, instead of an order permanently dissolving the injunction, the district court reached out and essentially invited the lower court on remand to resurrect the injunction under an unpled theory of law that's never been mentioned at any time in the course of this 12 year old proceeding. So it's the risk, it's a risk of an even worse kind of injunction that constitutes your point of aggrievement with being relieved of the injunction against you? Well I think it's the risk based on the district court's invocation of this new theory of the law and authorization or invitation to resurrect the injunction. In other words, the risk that it will be restored and that under the procedural posture of this case, that the lower court will feel compelled to accept statements of law in the district court opinion and when that, if we are aggrieved by that remand decision, the appeal would not go back to the appellate division as it would have formerly but instead will go to the Virgin Islands Supreme Court which under local and federal law has no power to correct an error of the district court appellate division ruling. That has nothing to do with the injunction, right? That's a problem that you've got with how the structure of appellate review will work and that's independent of whether there was an injunction entered or lifted or anything else, isn't it? Well I think under the case law it certainly has, or at least because this issue is arising for the first time, this issue of finality in the post-Virgin Islands Supreme Court era. So I think it does have an impact on the appellate jurisdiction analysis. I think it's a separate ground but I certainly think it was one of the four points I was going to address but I think it's that and I think it's the fact that the district court reached out and suggested that a new theory of law that we contend, in fact no Virgin Island cases were cited because there are none that have ever mentioned this doctrine of implied dedication. It reached out, it pulled a 1961 trial court decision of a Connecticut state court and cases from three other jurisdictions and suggested to the lower court that this is a part of Virgin Islands law and that it could be a basis for restoring the injunction. And what we're faced with from a judicial economy standpoint is a remand to the superior court decision there and then an appeal to the Virgin Islands Supreme Court and I argue that we... Again, those things are all independent of the injunction though, right? Your concern about there would be a remand, certain things would happen, there would be discussions at certain points of law, that's a concern of yours or would be a concern of yours whether or not an injunction were part of the relief being sought here, am I right? Yes, your honor. As I put it, I think it's an independent ground and a consideration that supports appellate jurisdiction, particularly if there are any doubts, I think they should be resolved in favor of appellate jurisdiction for that reason. But I agree, it's separate from the concept that we have been aggrieved. We've been aggrieved, the order is almost akin to a modification of an injunction, suggesting that well, and the lower court is kind of put in a difficult position when it's faced with an appellate division ruling, identifying a new theory of law without really expounding on the elements of that theory, suggesting that it's part of our jurisprudence. When we contend that the restatement has actually repudiated that doctrine in favor of the law of prescriptive easements, which was the theory that was pled in this case and was tried. But at this moment there's no injunction against you at all, right? Correct. And what we're talking about here is your fear that in the future there may be an injunction. And that's your basis for claiming jurisdiction under 1291. That is how you are aggrieved? We're aggrieved by the risk of a restoration of the injunction, what we regard as a serious risk posed by a district court opinion that has brought in this brand new theory, unpled, I might add, theory of law. And I think the other thing to keep in mind, Your Honors, is that the finality rules were really developed in the familiar context of a district court sitting as a trial court, not as an appellate tribunal. And I think that some flexibility in applying those rules is warranted for that reason. The fit is not always an excuse. Is that an acknowledgment that you never would have had a right to appeal this to begin with, but for the unusual procedural posture you're saying this is in? No, I don't think so, Your Honor, because under the literal terms of 1292A1, we have a right to appeal. Not 1292A1, I'm not talking about that. I'm trying to focus on, and I should have been more explicit, I took your assertion there to be, hey, the finality rules should be relaxed here because we're in a strange place, which I thought was your 1613AD argument. And if I was right that that's your 1613AD argument, one of the things I wondered about that was, aren't you really telling us, yeah, we wouldn't ordinarily have a right to appeal here, and we admit it, but it's just such an odd circumstance, you should give us one. And what I meant by liberal interpretation is both the finality rules and the statutory exceptions, and I should have been clear on that. But yes, I think that under the 1613A prong or argument, I think that's a crucial part of it, Your Honor. So, since 1613AD is meant, isn't it, to kind of maintain the status quo during a transition period? Well, I guess I should ask that to start with. Do you view that as the import or impact of 1613AD? Your Honor, I think it really does not flesh out what should happen, unfortunately, in the transition period. But I think that one thing it's intended to do is ultimately, I mean, I think it would encourage intervention by this court now, rather than three layers, three steps removed from now. In other words, encourage intervention now to guide the lower court on remand and correct what we regard as errors in the district court opinion, instead of waiting for a remand decision and a Supreme Court, Virgin Islands Supreme Court decision if it were agreed by the remand decision. Well, now that, well. Can I ask you another question about 1292A1? What if you move for summary judgment and loss, as happened in this case, but you, well, not even in this case, any case, you move for summary judgment, you lose, but you also file a motion for a TRO, you lose that. Now, are you able to then bring the case to our court and then argue the merits of the summary judgment denial? Yes, I think I... Is that what this case is? Pardon me? Even though it may be unrelated to the merits of the summary judgment. It's a denial of some aspect of the case. Well, I think what the... You're seeking interim relief. What the Markell Court decided just a year or two ago is the court has power to decide all issues in the case. It doesn't necessarily have to. We think it should. But once it has jurisdiction on the basis of 1292A1, it has a plenary power of review if it chooses to exercise it. One thing I wanted to say, Your Honors, too, is that a point that I wanted to bring up. There is a federal constitutional issue raised by the district court's invocation of the implied dedication doctrine, which I've addressed in the reply brief. The U.S. Supreme Court, in the Lucas case, said that the destruction of private property rights may not be legislated or decreed without payment of just compensation except on the basis of preexisting law. The court referred to background principles of common law and statutory law. Of course, the view of the Superior Court was that this was preexisting law, right? Well, the Superior Court really found, Your Honor, on a basis that was rejected by the appellate division, that because five government witnesses said it was public, it was public. I know there are parts of the district court opinion you don't like, there are parts of the Superior Court opinion you don't like, but it is indeed the case that the Superior Court, whether you agree with how it got there or not, believed that this was preexisting Virgin Islands law, right? Right, but not the implied dedication principle, Your Honor. That was brought in in the district court opinion for the first time. Let me ask you a question, if I might, since we're short on time here. Assume we accepted that we had jurisdiction under 1292, A1, wouldn't we be best advised, even if that were the case, to immediately certify the local law issues for opinion by the Virgin Islands Supreme Court? If that's available, it's not clear to me that there is a certification procedure, but perhaps in the federal to local system that there would be. I understood that indeed there is a Virgin Islands rule recently promulgated that says that they can answer questions of law certified to it by a court of the United States. Well, Your Honor, I think that there's enough here that the briefing is here, the court has delved into these issues, this does, as I say, carry with it a federal constitutional issue if this is indeed a new principle. Well, the property issues are purely local-wise. I mean, it's true there's perhaps a takings issue which partakes of United States Constitution law, but that's true of any takings case, that's true of any case where you've got an assertion of, hey, you're taking something away from me. It's classically questions of local property law, isn't it? Well, my concern would be if the Virgin Islands Supreme Court announces a new principle of law, we're right back to the problem I've identified. I think this court should decide, is this or is this not part of Virgin Islands law? So we're better situated to say that than the Virgin Islands Supreme Court? They might decide that it is now part of the Virgin Islands law, but to make it retroactively applicable, that's my concern. It never has been. It's never been mentioned in any Virgin Islands case and the District Court never cited any Virgin Islands case just to support that. Thank you, Your Honors. Thank you. We'll have you back on rebuttal. Ms. Francois. Good morning. For the record, my name's Denise Francois. I'm arguing on behalf of both the Supreme Court, the Supreme Court of the Virgin Islands, and the Supreme Court of the Virgin Islands. With respect to the issue of the appellant's claim that it is somehow agreed in order to have this court exercise jurisdiction under 1292 a 1, Bluebird's Castle is not agreed for the separate reason that instead of dissolving the permanent injunction, the order arguably invites the trial court on remand to reissue an injunction under a theory that they dispute. Every preliminary or interlocutory injunction and every order denying or vacating a preliminary injunction does not get permanent relief and those orders are always subject to revision in the final judgment that is appealable. And the reason 292 allows interlocutory appeals of this order is that the party taking the appeal is at risk of being harmed by the order before the court can enter a final order. So what's wrong with their argument? What's the logical flaw in their argument, Ms. Francois, of we are at risk and we're at risk because this isn't a vacating of the order on some permanent basis. It's way worse than that for us. It's a vacating with a direction to do something that will have more onerous consequences to us in the way of a permanent injunction. That's what I understand them to be telling us. I'm having a little trouble understanding their reasoning or their rationale on that. But it is the exact relief for which they sought. They wanted the injunction. They don't want an injunction and they got it. And they're still seeking that relief. I understand them to be saying we didn't get it. The exact relief we wanted was no injunction period. But what we got was no injunction framed like this, but maybe another injunction framed in a way that is not even worse for us. An invitation to the court to impose an injunction that we like even less. So while this is lifted temporarily, it's lifted in a way that directs the court to do something that's going to be even worse for us. That's the gist of what I understand them to be. And I'm asking you why isn't that a legitimate basis for them to say we are aggrieved because the fact that the immediate, you know, if somebody says I'll stop pinching you long enough for me to belch you in the face, I'm still aggrieved because the punch is coming even though the pinch stopped. That's kind of the message I'm getting from them. What's wrong with that reasoning? Because it still doesn't you can claim you're aggrieved but they haven't shown any sort of irreparable injury. They haven't shown Why do they have to show irreparable injury? 1292 A1 says you get jurisdiction from an order vacating an injunction. This is an order vacating an injunction, right? It is, but they are still protected unless and until the trial court issues a new injunction. And if that is the case, then they still get to appeal to the Virgin Islands Supreme Court and then they can do a writ of certiorari to the to this court. Help me with the plain language here. 1292 A1 says you get appellate jurisdiction if there's an order vacating an injunction. The district court vacated the injunction imposed by the superior court. Why aren't we right smack in the heart of 1292 A1? I believe the case law says you've got to do a little bit more than have an injunction as an issue. You've got to have more than an injunction in the reverse in the remand order. And this gets us back to their argument that they're somehow aggrieved when they're getting the relief that they sought. The vacation of the injunction. What is the law you're relying on? Is it the Carson case that you're alluding to when you say you've got to have something more? What are you alluding to? In our letter brief that we submitted April 23rd, 2010 . For example, the case law makes clear that not all orders denying injunctive relief are immediate appealable. Rather, a party seeking relief must show that the order will have serious, perhaps irreparable consequences. That's Carson, right? That's Stringfellow v. Concerned Neighbors in Action. The test that you're articulating is for cases where there's been a denial of an injunction, right? But we're talking not about a circumstance where an injunction was denied. We're talking about a circumstance where an injunction was in effect and it was vacated. So let me ask you this. Analytically, might one make a distinction between denials of injunctive relief because anybody can ask for an injunction and get it denied. So that if the mere asking for an injunction and getting it denied were enough to get you an immediate appellate jurisdiction, you'd be at risk of swallowing the finality rule entirely. Whereas, with the vacater of an injunction, you don't bear that same risk  economy because it only exists, that kind of order can only exist when an injunction actually is in place. You see the distinction that I'm attempting to get you to address? Yes. If that kind of a distinction can be drawn, do your citations to cases where the Carson test is being applied to denials of injunctive relief carry weight here, where it's not a denial of an injunction but it's the vacater of an injunction? All I could say is that the factual basis, for example, in the Carson case and the case here, they're not the same. They're not in the same situation. Blue Bears Castle is not in the same situation in the appellants in the Carson case. That's true. I agree with that. My question is, does the fact that they're not in the same place mean that they don't have to deal with the Carson test? Maybe I should frame it a little differently. Leave that question aside and just address Markell, if you would. In response to your argument, I take their pitch to be, given their letter of response to us, hey, in Markell, this court, the Third Circuit said that that additional test, that Carson test, only applies when you have an order that has the practical effect of impacting an injunction, not where you actually have an injunction and it's lifted. Are they wrong in the way they're reading Markell? If I recall Markell correctly, it is distinguishable from the case at hand because in Markell you didn't have the same immense record as we do have in this case. We've got a trial, we've got findings of fact and conclusions of law issued by the trial court, and in Markell it was a narrow legal issue. The court said that... Here's the actual language from Markell. None of the cases upon which the state of Delaware, for instance, relies involved expressed denials of injunctive relief. Rather, they dealt with orders that were alleged to have the practical effect of denying injunctive relief. Accordingly, the leagues, the people who were wanting appellate jurisdiction need not demonstrate that the order will have serious, perhaps irreparable consequences and can be effectively challenged only by immediate appeal. That's the language of Markell that it appears to be saying only when you're dealing with the practical effect kind of an order, not an expressed denial, do you have to make that additional showing. Is that if they're right that that's the way Markell should be How can we apply the Carson test in this case where it's an express vacating of an order not a practical effect issue? In the Carson case there were still two prongs that had to be met. The serious and perhaps irreparable consequences and the issue as to whether or not the order could be effectively challenged only by immediate appeal. It was a two part test. And if Bluebeards is claiming that they should have a this court should exercise jurisdiction under 292A I would submit that they haven't met that two prong test. And although it is not exact I would submit that Carson is some guidance in this situation. I do have one more question. What do you think about certifying this to the Virginia Supreme Court if we were to decide we did have jurisdiction under 292A? If that were the case I would think that certifying this to the V.I. Supreme Court would be consistent with the entire appellate scheme that was set up under 1613. I would submit that the argument that Bluebeards has made that somehow it's in some conundrum and the only way to get out of this is to have this court exercise immediate jurisdiction thwarts Congress's intent to establish a Virgin Islands appellate court which we now have the V.I. Supreme Court so that the Virgin Islands can develop its own body of jurisprudence  on local law. I would also point out for the court there is a recent Virgin Islands Supreme Court case in which it rules that it is not bound by the decisions of the appellate division and that is in the case of in-rate people of the Virgin Islands. It's 2009 Westlaw 135 1508 It's a May 13, 2009 decision. I'm very sorry. It's in-rate people of the V.I. It's 2009 Westlaw 135 1508 and it's at page 6 footnote 9 and in that case the Supreme Court said I have the language here that appellate divisions are not binding on this court and I mention that because Bluebirds Castle had raised the issue that if the matter were remanded back to the Superior Court for further findings or that somehow the Superior Court if that was appealed to the Supreme Court that it's hands would be tied. Is that a statement by the Supreme Court of the Virgin Islands that we the Supreme Court are not bound by statements of V.I. law that are made by the appellate division generally or is that a statement that in the case itself in other words that we're not going to be bound under law of the case doctrine within the very same case by anything that the appellate division said. Do you understand what I'm trying to ask? Yes and I have to apologize. I'm not sure I know the answer to that. If in fact there were to be found jurisdiction under 1292A we have also addressed in our letter brief that that would be a very limited scope of review for issues of just out of sheer fairness. This is a case in which we believe that improper appeal the government and the Hodges in abiding by the dictates of the in the matter of Allison case did not take an appeal and we would submit that any jurisdiction appellate jurisdiction in this matter be extremely limited. And based upon everything that we submitted we would urge this court to dismiss Bluebeard's appeal. Thank you. Mr. Herpel. A few comments on this intriguing notion of certifying to the Virgin Islands Supreme Court I just wanted to emphasize to the court that the issue is not just whether implied dedication was part of Virgin Islands law in the 1994 to 1997 time frame when the events giving rise to this lawsuit took place but it's also what are the elements of that cause of action. I mean the district court just made some cursory citations to four cases there's even conflict within those four jurisdictions as I point out in my brief. One of them requires public acceptance by a legislature which clearly Wouldn't the Virgin Islands Supreme Court be vastly better situated tribunal to address that question in this one? Well it's almost forced to take up the whole entire record if it's going to address it in a meaningful way. It's almost required to do what we're asking you to do. To look at the entire record and find out if this cause of action even exists then what are the elements? Are the elements satisfied? And I don't... When you get to whether the elements are satisfied maybe that would require a look at the record but a question of whether a cause of action or legal theory exists and what its elements are stands completely independent of your particular case doesn't it? Well I think what the district court is saying is implicitly that prescription doesn't apply here it's a public road it was intended by the owners to be used by the public so prescription doesn't apply maybe the sporadic repairs to the road can give rise to an implied dedication if that principle is recognized the sporadic undocumented unquantified and dollar term, you know, patching a road well I mean should that their facts do come into the analysis then. If one were to say to the Virgin Island Supreme Court, hey under Virgin Island law can a private road become a public road under a theory of implied dedication that's just a straight up question of law, nothing to do with your particular facts right? Now or at the time of the events because a retroactive application would violate Lucas, the Supreme Court decision. Frame it like you'd like at the time, at the point in time relevant to the events in the case is that implied dedication theory something that exists or existed in Virgin Island's law? That's purely a legal question divorced from any factual issue isn't it? Well then they'd have to, would they not have to say what the elements are your honor? Indeed, perhaps they would but again that would be a pure legal question right? It would, my concern is that the answer cannot possibly be answered in the affirmative if there was no case. Well then you're making a legal argument. Pardon me? It's not a factual argument, it's a legal argument. It's a pure legal question right? Yes. Okay. And likewise if one were to ask a question about prescriptive easement and whether one's use of land is presumed to be permissive or presumed to be hostile, that's a pure question of Virgin Island's law. Divorced from anything to do with your factual circumstances right? Certainly that presumption is a pure question of law. I tend to think that the other question, the implied dedication is a mixed question that inevitably will draw in the facts to illuminate that. I guess I'm lost. I'm not sure how there's any mixed fact issue in that first question. Well because specific intent the four jurisdictions, I went to the highest courts of those four jurisdictions, not just a trial court which was cited by the district court. A specific intent to dedicate is required in each of those four cases. One even, one of the jurisdictions even requires proof beyond a reasonable doubt. We don't have that here. But I guess I'm just not making myself clear. That whether specific intent is an element or not doesn't require the court to ask whether intent existed in a particular case. It's a purely theoretical question whether that is an element or not. Yes, I agree your honor. I guess what I'm saying your honor, and I think that the answer to the question is so clear that it doesn't require a certification. It was not part of Virgin Islands law. It is inconsistent with the restatement and I just, I don't even particularly relish the idea of, to even ask the question is to suggest that a yes answer is possible. Well that does clarify your reluctance. Understood. I had one real quick question. It's going to require you to switch gears a little bit. I believe that it was an argument you made under the collateral order doctrine argument. Assuming that there is a remand here, wouldn't the VI Supreme, aside from the fact of certification, wouldn't the Supreme Court of the Virgin Islands be able to hear an appeal from the remand? Well they would hear the appeal your honor, but as I said, I think they would feel compelled to accept the district court statement of the law. And if the court on remand interprets that opinion to mean that implied dedication is part of Virgin Islands law, I don't think the Supreme Court has the authority to revisit that. It's given under section, title four, section 32 I believe it is, the Virgin Islands enabling act for the Supreme Court carefully circumscribes its barrier court orders and the federal statute 48 U.S.C. 1613 A gives this court the power to review appellate division decisions. So I don't think it will feel compelled I think to accept the district court statement of the law. And insofar as that informs the decision on remand, it will feel compelled to accept the appeal. The appeal could be taken, right? Oh yes, definitely if an appeal from a final decision on remand can be taken to the V.I. Supreme Court. The last thing I want to suggest just very quickly, Your Honor, that if there is no, if the court were to conclude that there's no appellate jurisdiction, and we believe there is, the Seventh Circuit in a case I cited on page two of my letter brief, the trustees of central laborers pension welfare and annuity funds case actually decided it did not have jurisdiction, but then proceeded for reasons of judicial economy to offer some clarifying comments on the appeal and for purposes of remand. I thought it was a very interesting thing, and I think one thing possibly this court could do is to clarify that the implied dedication issue is still open on remand. In other words, whether it's part of Virgin Islands law at the time, what the elements are, whether the elements are satisfied, if it were to have the same opinion as leaving those questions open on remand, I think it would have the power to comment on this appeal. Thank you, Your Honor. Thank you. Thank you, counsel, very much. Very interesting question, which we will take under advisement, and we will ask the clerk to close the proceedings. This court stands adjourned until Wednesday, May 5th, 2010. adjourned until Wednesday, May 5th, 2010. adjourned until Wednesday, May 5th, 2010. adjourned until Wednesday, May 5th, 2010.